IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02670-BNB

CALVIN JOHNSON, JR.,

      Plaintiff,

v.

JOHN DOE, Deputy Director of Colorado Prisons Operations (official capacity), and JOHN/JANE DOE, "Control" Staff Working Sterling Facility Living Unit 8 on 07-26-14 (official capacity),

      Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

      Plaintiff, Calvin Johnson, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado. Mr. Johnson filed *pro se* a Prisoner Complaint (ECF No. 1) on September 29, 2014, for injunctive relief and money damages pursuant to 42 U.S.C. § 1983. Mr. Johnson has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court must construe Mr. Johnson's Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

      The Prisoner Complaint is deficient because Mr. Johnson fails to allege facts that

demonstrate any of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Johnson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Johnson should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Johnson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Johnson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The allegations in the Prisoner Complaint are vague. Mr. Johnson, who alleges he is bisexual, contends the defendants are subjecting him to cruel and unusual punishment by housing him with violent gang members (claim one). He also alleges he was assaulted on July 26, 2014, by two gang members and suffered more physical injuries than he otherwise would have had control officers working at his living unit called first responders in a timely manner (claim two). He fails to allege the physical injuries he suffered.

In the amended Prisoner Complaint, Mr. Johnson must assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Johnson must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Johnson must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.  Mr. Johnson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not necessary.  However, neither the Court nor defendants should be required to sift through Mr. Johnson's vague allegations to determine the heart of each claim.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.  In addition, Mr. Johnson must provide the address for each named defendant.  Mr. Johnson is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Johnson seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.

Accordingly, it is

ORDERED that Plaintiff, Calvin Johnson, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, certain claims against

certain defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

DATED October 6, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge